# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

EDWARD IONNI, derivatively on behalf of
ITERIS, INC. and individually and on
behalf of himself and all other similarly
situated stockholders

    Plaintiff,

v.

JOE BERGERA, RICHARD CHAR, KEVIN C.
DALY, GREGORY A. MINER, ABBAS
MOHADDES, GERARD M. MOONEY,
THOMAS L. THOMAS, MIKEL H.
WILLIAMS, and ITERIS, INC.,

    Defendants.

No. 16-cv-807 (RGA)

## MEMORANDUM ORDER

The parties have requested preliminary approval of their proposed class settlement. (D.I. 10). The settlement ends litigation claiming breach of fiduciary duty and unjust enrichment. (D.I. 1).

Plaintiff's allegations are as follows. In 2014 and 2015, the stockholders of Iteris were asked to approve amendments to a 2007 Omnibus Incentive Plan, increasing the number of common stock shares "reserved for issuance under the Plan…." (D.I. 1 at ¶ 2). The proxy statements represented that "no person could receive more than 500,000 stock options or stock appreciation rights" in a fiscal year under the Plan. (*Id.* at ¶ 3). In fact, however, "the Board had provided itself with

unilateral authority to disregard the purported per-participant fiscal year limits...."
(*Id.* at ¶ 4). Then, in September 2015, the Board issued 1,350,000 stock options to
Joe Bergera, the incoming CEO. (*Id.* at ¶¶ 6, 12).

Based on these allegations, on September 15, 2016, a stockholder filed the
complaint in this case, derivatively on behalf of the company and representatively
on behalf of a class of all similarly situated stockholders. (D.I. 1). Less than a month
later, on November 8, the parties reached a preliminary settlement. (D.I. 10-1 at 4).
Defendants were never required to file an answer (D.I. 9), and no motion practice,
and seemingly no litigation activity unrelated to settlement, occurred.

Related to the preliminary settlement, in December, Defendants presented to
the stockholders a Supplemental Proposal asking for ratification of the grant of
stock options to Bergera. (*Id.* at 19–20). The Supplemental Proposal was not
contingent on settlement but was motivated by it. (*See id.*). The submission of the
Supplemental Proposal to the stockholders along with an acknowledgement that it
occurred because of the lawsuit is the primary consideration offered by Defendants
for settlement. (*See id.* at 9–10). Defendants will make no admission of wrongdoing.
(*Id.* at 9). In exchange, Plaintiff has agreed to, what appears to be, a very broad
release of claims, including a release of all class claims related to the Plan. (*Id.* at
7–8).

Now, the parties ask me to give preliminary approval of the proposed
settlement. (D.I. 10). I am concerned that the release of claims is overbroad. *Cf. In
Re Trulia, Inc. Stockholder Litig.*, 129 A.3d 884, 898 (Del. 2016) ("[P]ractitioners

2

should expect that disclosure settlements are likely to be met with continued disfavor in the future unless... the subject matter of the proposed release is narrowly circumscribed to encompass nothing more than disclosure claims and fiduciary duty claims concerning the sale process...."). Under Federal Rule of Civil Procedure 23(e), I am tasked with the independent duty to ensure any class settlement is "fair, reasonable, and adequate." Towards that aim, the parties are directed to submit supplemental briefing addressing the scope of the proposed release. Each party is directed to submit a letter brief within ten days of this order.

IT IS SO ORDERED this \_11\_ day of May 2017.

*Richard G. Andrews*
United States District Judge