IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD IONNI, derivatively on behalf of ITERIS, INC. and individually and on behalf of himself and all other similarly situated stockholders of ITERIS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOE BERGERA, RICHARD CHAR, KEVIN C. DALY, GREGORY A. MINER, ABBAS MOHADDES, GERARD M. MOONEY, THOMAS L. THOMAS, MIKEL H. WILLIAMS, and ITERIS, INC., <br><br> Defendants, <br><br> and <br><br> ITERIS, INC., <br><br> Nominal Defendant. | Civil Action No. 16-cv-00807-RGA |

## [PROPOSED] ORDER APPROVING NOTICE OF SETTLEMENT AND SCHEDULING SETTLEMENT APPROVAL HEARING

Plaintiff Edward Ionni ("Plaintiff"), by Plaintiff's counsel, defendants Joe Bergera, Richard Char, Kevin C. Daly, Gregory A. Miner, Abbas Mohaddes, Gerard M. Mooney, Thomas L. Thomas, and Mikel H. Williams (the "Individual Defendants"), and nominal defendant Iteris, Inc. ("Iteris" or the "Company", and together with the Individual Defendants, the "Defendants") (collectively, the "Parties"), by counsel for Defendants, having applied pursuant to Federal Rules of Civil Procedure 23 and 23.1 for an order approving the proposed settlement of the above-captioned derivative and class action (the "Action") and determining certain matters in connection with the proposed settlement of the Action (the "Settlement") and for dismissal of the

Action with prejudice, in accordance with the terms and conditions of the Stipulation of Settlement and Compromise entered into by the parties and dated April 28, 2017 (the "Stipulation");[1]

NOW, upon consent of the Parties, after review and consideration of the Stipulation filed with the U.S. District Court for the District of Delaware (the "Court") and the Exhibits annexed hereto, and after due deliberation,

IT IS HEREBY ORDERED this **2** day of **June**, 2017 that:

1. For settlement purposes only, and pending the Settlement Hearing (as defined in the Stipulation), the Action is certified as a non-opt-out class action consisting of any and all record holders and beneficial owners of common stock of Iteris who held or owned such stock during the period beginning August 21, 2014 through October 31, 2016, inclusive, including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, legatees, devisees, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of any of the foregoing (the "Class," to be composed of "Class Members"). Excluded from the class are Defendants and their immediate family, any entity in which any Defendant has a controlling interest, and any successors-in-interest thereto.

2. The Settlement Hearing shall be held on **September 8**, 2017 at **11:00 a**.m., in Courtroom 6A of the J. Caleb Boggs Federal Building, 844 N. King Street, Unit 9, Room 6325, Wilmington, DE 19801-3555, to:

    a. Determine whether the Action should be permanently certified, as set forth in Paragraph 1 herein, as a mandatory non-opt-out class action pursuant to

---

[1] Unless otherwise defined herein, all defined terms shall have the meanings set forth in the Stipulation.

        Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2);

    b.    Determine whether Plaintiff should be certified as class representative and Plaintiff's counsel certified as Lead Counsel;

    c.    Determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class;

    d.    Determine whether Final Judgment should be entered dismissing the Action with prejudice on the merits and releasing the Released Claims;

    e.    Consider Plaintiff's application for an award of attorneys' fees and expenses and an incentive award to Plaintiff;

    f.    Hear and determine any objections to the Settlement or Plaintiff's application for an award of attorneys' fees and expenses and an incentive award to Plaintiff; and

    g.    Rule on such other matters as the Court may deem appropriate.

3.    The Court reserves the right to adjourn the Settlement Hearing and any adjournment thereof, including the consideration of the application for attorneys' fees, may be held without further notice of any kind other than oral announcement at the Settlement Hearing or any subsequent adjournment thereof.

4.    The Court reserves the right to approve the Stipulation and the Settlement, and enter an Order and Final Judgment (with such modification(s) as may be consented by the signatories to the Stipulation), at or after the Settlement Hearing without further notice to the Class.

5.    Within twenty-one (21) calendar days following entry of this Order, Iteris shall cause a notice of the Settlement Hearing in substantially the form annexed as Exhibit B to the

Stipulation (the "Notice") to be mailed to all stockholders of record ("Stockholders") or Class Members at their last known address appearing in the stock transfer records maintained by or on behalf of Iteris. All stockholders of record in the Class who were not also the beneficial owners of the shares of Iteris common stock held by them of record shall be requested to forward the Notice to such beneficial owners of those shares. Iteris shall use reasonable efforts to give notice to such beneficial owners by making additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners.

6. The Court approves the Notice, in form and content, and finds that the mailing and distribution of the Notice substantially in the manner and form set forth in this Order meets the requirements of Federal Rules of Civil Procedure 23 and 23.1, due process and applicable law, is the best notice applicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

7. Counsel for Iteris shall, at least fourteen (14) calendar days prior to the Settlement Hearing described herein, file with the Court an appropriate affidavit with respect to the preparation and mailing of the Notice to the Class.

8. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court. Pending final determination of whether the Settlement should be approved, Plaintiffs, Stockholders, and all members of the Class, are barred and enjoined from commencing or prosecuting any action asserting either directly, representatively, derivatively, or in any other capacity, any Released Claims as defined in the Stipulation.

9. Any Stoockholders or members of the Class who object to the Settlement, the

Final Judgment to be entered in the Action, and/or Plaintiff's application for attorneys' fees and expenses or incentive award to Plaintiff, or who otherwise wish to be heard, may appear in person or by such Class Member's attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, no person shall be heard and no papers, briefs, pleadings or other document submitted by any person shall be considered by the Court unless not later than fourteen (14) calendar days prior to the Settlement Hearing such person files with the Court and serves upon counsel listed below: (a) a written notice of intention to appear; (b) a statement of such person's objections to any matters before the Court; and (c) the grounds for such objections and the reasons that such person desires to appear and be heard, documentation evidencing membership in the class or current stockholding, as well as all documents or writings such person desires the Court to consider. Such filings shall be served by e-filing, hand delivery or overnight mail upon the following counsel:

PURCELL JULIE & LEFKOWITZ LLP
Steven J. Purcell
Douglas E. Julie
65 Broadway, Suite 828
New York, NY 10006
(212) 840-6300
*Attorney for Plaintiff*

COOLEY LLP
Peter M. Adams
4401 Eastgate Mall
San Diego, CA 92121
(858) 550-6000
*Attorney for Defendants*

10. Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, the adequacy of the representation of the Class by Lead Counsel, any award of attorneys' fees and expenses or incentive award to Plaintiff, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described in Paragraph 9. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or in any other action or

5

proceeding.

11.     Plaintiff shall file and serve his opening brief in support of the Settlement and his application for attorneys' fees and expenses and incentive award no later than twenty-one (21) calendar days prior to the Settlement Hearing. Any objections to the Settlement and application for attorneys' fees and expenses and incentive award shall be filed and served no later than fourteen (14) calendar days prior to the Settlement Hearing. If any objections to the Settlement are received or filed, Plaintiff and/or Defendants may file and serve a brief in response to those objections no later than seven (7) calendar days prior to the Settlement Hearing.

12.     If the Court approves the Settlement provided for in the Stipulation following the Settlement Hearing, a Judgment shall be entered substantially in the form attached as Exhibit D to the Stipulation.

13.     In the event that: (a) the Court declines, in any material respect, to enter the Final Judgment provided for in the Stipulation or any one of the Parties hereto fails to consent to the entry of another form of order in lieu thereof; (b) the Court disapproves the Settlement proposed in the Stipulation, including any amendments thereto agreed upon by all of the Parties; or (c) the Court approves the Settlement proposed in the Stipulation or any amendment thereto approved by all of the Parties, but such approval is reversed or substantially modified on appeal and such reversal or modification becomes final by a lapse of time or otherwise; then, in any of such events, the Stipulation, the Settlement proposed in the Stipulation (including any amendments thereof), the provisional Class certification herein, any actions taken or to be taken with respect to the Settlement proposed in the Stipulation, and the Final Judgment to be entered shall be of no further force or effect, shall be null and void, and shall be without prejudice to any of the Parties hereto, who shall be restored in all respects to their respective positions existing prior to the

execution of the Stipulation, except for the obligation of the Company to pay for any expenses incurred in connection with the Notice and administration provided for by this Scheduling Order. For purposes of this provision, a disallowance, modification, or reversal of the fees and/or expenses sought by Plaintiff's Counsel shall not be deemed a disapproval, modification, or reversal of the Settlement or the Order and Final Judgment.

14. Neither the Defendants, the Released Persons, or Defendants' counsel shall have any responsibility for, or liability with respect to, any application for attorneys' fees or expenses submitted by Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

15. The Memorandum of Understanding ("MOU"), the Stipulation, the Settlement and any negotiations, statements, or proceedings in connection therewith, shall not be construed or deemed to be evidence of, a presumption, concession, or admission by any of the Released Parties or any other person of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action or otherwise, or that Plaintiff or Plaintiff's Counsel, the Class, or any present or former stockholders of Iteris, or any other person, has suffered any damage attributable in any manner to any Released Person. The MOU, the Stipulation, the Settlement, and any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked, or otherwise used by any person for any purpose in the Action or otherwise, except as may be necessary to enforce or obtain Court approval of the Settlement. The Released Persons may file the Stipulation and/or the Judgment in any action brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or similar defense or

counterclaim.

16. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Stockholders and Class Members.

/s/ Richard G. Andrews
THE HON. RICHARD G. ANDREWS