IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD IONNI, derivatively on behalf of ITERIS, INC. and individually and on behalf of himself and all other similarly situated stockholders of ITERIS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOE BERGERA, RICHARD CHAR, KEVIN C. DALY, GREGORY A. MINER, ABBAS MOHADDES, GERARD M. MOONEY, THOMAS L. THOMAS, MIKEL H. WILLIAMS, and ITERIS, INC.,<br><br>Defendants,<br><br>and<br><br>ITERIS, INC.,<br><br>Nominal Defendant. | Civil Action No. 16-cv-00807-RGA |

## [PROPOSED] ORDER AND FINAL JUDGMENT

The Stipulation of Settlement and Compromise, dated April 28, 2017 (the "Stipulation"), of the above-captioned derivative and class action (the "Action") and the settlement contemplated thereby (the "Settlement") having been presented at the Settlement Hearing on Sept. 8, 2017, pursuant to the Order Approving Notice of Settlement and Scheduling Settlement Approval Hearing entered on June 22, 2017 (the "Scheduling Order"), which Stipulation was entered into by Plaintiff Edward Ionni ("Plaintiff") in the Action, derivatively on behalf of Iteris, Inc. ("Iteris" or the "Company") and individually and on behalf of the Class (as defined below), through Plaintiff's counsel, and by defendants Joe Bergera, Richard Char, Kevin C. Daly, Gregory A. Miner, Abbas Mohaddes, Gerard M. Mooney, Thomas L. Thomas, and

Mikel H. Williams (the "Individual Defendants"), and nominal defendant Iteris, (together with the Individual Defendants, the "Defendants") (collectively, the "Parties"), by counsel for Defendant; and the U.S. District Court for the District of Delaware (the "Court") having determined that notice of said hearing was given to the Class in accordance with the Scheduling Order and that said notice was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Settlement of the Action, and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this __8th__ day of __Sept__, 2017, as follows:

1. Unless otherwise defined herein, all defined terms shall have meanings set forth in the Stipulation.

2. The Notice of Proposed Settlement of Derivative and Class Action ("Notice") has been given to holders of Iteris common stock as of April 28, 2017 ("Stockholders") and the Class (as defined below) pursuant to and in the manner directed by the Scheduling Order, proof of the mailing of the Notice has been filed with the Court, and a full opportunity to be heard has been offered to all parties to the Action, Stockholders, the Class and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rules of Civil Procedure 23 and 23.1 and due process, and it is further determined that all members of the Class are bound by the Order and Final Judgment ("Judgment") herein.

3. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement and this Judgement and over all parties to the Action, including Plaintiff and all Defendants.

4. Based on the record of the Action, the Court hereby finds, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and 23(b)(2), as follows:

a. That (i) the Class, as defined below, is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Class, (iii) the claims of Plaintiff are typical of the claims of the Class, and (iv) Plaintiff and Plaintiff's counsel have fairly and adequately protected the interests of the Class;

b. That the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2) have been satisfied;

c. That the requirements of the Federal Rules of Civil Procedure and due process have been satisfied in connection with the Notice;

d. That the Action is hereby certified as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2) with the Class consisting of any and all record holders and beneficial owners of common stock of Iteris who held or owned such stock during the period of August 21, 2014 through October 31, 2016, inclusive, including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, legatees, devisees, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of any of the foregoing (the "Class," to be composed of "Class Members"). Excluded from the class are Defendants and their immediate family, any entity in which any Defendant has a controlling interest, and any successors-in-interest thereto; and

e.  That Plaintiff is hereby certified as the Class representative, and Plaintiff's counsel is certified as Lead Class Counsel.

5.  The Settlement is found to be fair, reasonable, and adequate and in the best interests of the Class, and it is hereby approved pursuant to Federal Rules of Civil Procedure 23(e) and 23.1(c). The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Court Clerk is directed to enter and docket this Judgment in the Action.

6.  Upon the Effective Date, Plaintiff (on his own behalf and derivatively on behalf of Iteris), Stockholders (derivatively on behalf of Iteris), members of the Class (on their own behalf), Lead Counsel, and Iteris shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Persons from any and all of the Released Claims; provided, however, that such release does not include a release of the right to enforce the Settlement. This release extends to claims that the Plaintiff, Stockholders, and each member of the Class do not know or suspect to exist at the time of the release, and which if known, might have affected their decision to enter into the release. Each and every Iteris stockholder claiming derivatively on or behalf of Iteris will be bound by Iteris's release of the Released Persons from any and all of the Released Claims.

7.  Upon the Effective Date, Plaintiff and each member of the Class, individually and collectively, shall be deemed to have, and by operation of this Judgment shall have, expressly waived, relinquished, and released the provisions, rights, and benefits of Section 1542 of the California Civil Code or any law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542.

8.      Upon the Effective Date, Defendants shall be deemed to have, and by operation of the Judgment shall have, released Plaintiff and Lead Counsel from all claims, complaints, liabilities, petitions, or sanctions arising out of the investigation, commencement, prosecution, settlement, or resolution of the Action; provided, however, that such release does not include a release of the right to enforce the Settlement.

9.      The Released Claims are hereby absolutely and unconditionally compromised, settled, released, discharged, and dismissed with prejudice by virtue of the proceedings herein and this Judgment. The terms of the Settlement and this Judgment shall be forever binding on the Plaintiffs and all members of the Class and shall have res judicata and other preclusive effect in all pending and future claims, litigation, or other proceedings maintained by or on behalf of the Plaintiff, any Class Member, or any stockholder of Iteris, to the extent those claims, litigation, or other proceedings involve, directly or indirectly, any of the Released Claims.

10.     Lead Counsel is hereby awarded attorneys' fees in the amount of $ 215,000 [handwritten, replacing stricken amount] /RGA/, inclusive of expenses, which amount the Court finds to be fair and reasonable and which shall be paid to Lead Counsel in accordance with the terms of the Stipulation.

11.     Plaintiff is hereby awarded an incentive award in the amount of $ 1,000 , which amount the Court finds to be fair and reasonable and which shall be paid by Lead Counsel in accordance with the terms of the Stipulation.

12.     The Action is hereby dismissed with prejudice in its entirety as to the Defendants and against Plaintiff, Stockholders, and all other members of the Class on the merits and, except as provided in the Stipulation, without costs.

5

13. This Judgment shall not constitute any evidence or admission by any of the Parties that any acts of wrongdoing have been committed by any of the Parties to the Action and should not be deemed to create any inference that there is any liability therefor.

14. Neither the Settlement, this Judgment, nor any act performed or document executed pursuant to or in further of the Settlement: (a) is or may be deemed, offered, or received in evidence as a presumption, a concession, or an admission of any fault, liability, or wrongdoing, and except as required to enforce this Settlement, shall not be offered or received in evidence or otherwise used by any party in any action, whether civil criminal, or administrative; or (b) shall be interpreted as an admission of liability or wrongdoing on the part of the Individual Defendants, nor an admission on the part of Plaintiff of any lack of merit of the claims asserted in the action. Notwithstanding the foregoing, Iteris and any of the Individual Defendants may file the Settlement, or any judgment or order of the Court related hereto, in any action that has been or may be brought against them, in order to support a claim or defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Dated: September 8, 2017

Hon. Richard G. Andrews